### T. J. Hill and Another *v.* The State.

1. Judgment.— The requisite of a final judgment of conviction prescribed in the ninth clause of article 791, Code of Procedure, to wit, that the defendant "is adjudged to be guilty of the offense as found by the jury," has special if not exclusive application to felony cases. It does not apply to a misdemeanor conviction in which the punishment assessed is only a pecuniary fine, because article 805 of the same Code enacts that in such a case the judgment of conviction shall be that the State "recover of the defendant the amount of such fine and all costs of the prosecution," etc.

2. Fornication — Charge of the Court.— In a trial for fornication the court charged the jury that "every person is presumed to be innocent until his or their guilt is established by legal testimony; but if the proof in cases like this shows that the defendants did live and sleep together in the same room, and had for a series of months, it is strong evidence against the accused." *Held*, that this was a flagrant charge upon the weight of the evidence, and is error for which this court has no option but to reverse.

Appeal from the County Court of Fayette. Tried below before the Hon. J. C. Stiehl, County Judge.

The conviction in this case was had upon an information by which the appellants, T. J. Hill and Ellen Moore, were charged with fornication. The punishment assessed by the jury was a fine of $50 against each of the defendants.

*W. H. Ledbetter*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J.   A motion is made by the assistant attorney general to dismiss the appeal in this case, for want of a proper final judgment, the defect being that the judgment does not come up to the requirements of the 9th subdivision of art. 791, Code Crim. Proc., defining the constituents and requisites of a final judgment, and requiring that it shall recite, in case of a conviction, "that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury."

It seems that article 791 has special if not exclusive reference to felony cases; at all events it is not made requisite to judgments in misdemeanor cases where the punishment assessed is a pecuniary fine only.   For in article 805 it is provided that " when a punishment assessed against a defendant is a pecuniary fine only, the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid," etc. The judgment in this case is in substantial compliance with this latter article, and the motion to dismiss the appeal is overruled.

Having been submitted on its merits, subject to the motion to dismiss, the judgment in this case will have to be reversed for error in the charge of the court.   Defendants were prosecuted for fornication.   Amongst other things, in the last paragraph of the charge the court instructed the jury that " every person is presumed to be innocent until his or their guilt is established by legal testimony; but, if the proof in cases like this shows that the defendants did live and sleep together in the same room, and had for a series of months, it is strong evidence against the accused."   This instruction was directly on the weight of evidence, and as such is expressly prohibited by statute.   Code Crim. Proc. art. 677.

An exception was duly saved by bill to this charge, and it is assigned by defendants as error. We have no op-tion in the matter.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*